## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 16686. Feb. 28, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH L. BICKSTON, JR., Defendant and Appellant.

**Counsel**

Thomas Hunter Russell for Defendant and Appellant.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Arnold T. Guminski, Deputy District Attorneys, for Plaintiff and Respondent.

**Opinion**

**SAETA, J.**—Defendant appeals from his conviction of violating Penal Code section 12072.[1] The record shows that defendant, at a gun show, offered and sold a concealed weapon to a policeman in civilian clothes without asking for any identification and delivered possession of the weapon immediately. Section 12072 is part of article 4 of the Dangerous Weapons Law and reads as follows: "No person, corporation or dealer shall sell, deliver, or otherwise transfer any pistol, revolver, or other firearm capable of being concealed upon the person to any person whom he has cause to believe to be within any of the classes prohibited by Section 12021 from owning or possessing such firearms, nor to any minor,

---

[1] All further section references are to the Penal Code, unless otherwise noted.

under the age of 18 years. In no event shall any such firearm be delivered to the purchaser within 15 days of the application for the purchase thereof, and when delivered such firearm shall be securely wrapped and shall be unloaded. Where neither party to the transaction holds a dealer's license, no person shall sell or otherwise transfer any such firearm to any other person within this state who is not personally known to the vendor. Any violation of the provisions of this section is a misdemeanor."

■ Defendant's main contention on appeal is that section 12072 does not apply to nondealers in concealed weapons, such as himself. He reads the phrase "15 days of the application for the purchase thereof" as referring to the registration provisions of article 4 which apply only to dealers.[2] The 15 days allows the California Department of Justice time to search its records and notify local police agencies that a proposed purchaser may be ineligible to own a firearm. The People agree that the registration and notification provisions of article 4 apply only to dealers, according to the plain meaning of the law and the evidence admitted at trial. However, they assert that section 12072 applies to nondealers in order to discourage impulse purchases of concealable weapons by providing a 15-day cooling off period. The parties have not been able to cite any case construing this section to the court nor legislative history that would shed light on the proper interpretation of this law.[3]

The court's research discloses some legislative history that throws some light on the Legislature's intentions in enacting section 12072. This section was originally enacted in 1953 and provided that "No person shall sell, deliver," etc. It also provided that "In no event shall such firearm be delivered to the purchaser upon the day of the application for the purchase thereof." In 1955 the section was amended to add to "no person" the words "corporation or dealer." Thus it can be inferred that the original enactment was intended to apply to nondealers, dealers being specifically mentioned in the first amendment. The 1955 amendment also

---

[2] The word "application" is used in several contexts in article 4. In section 12071, local licensing authorities "shall accept applications for, and may grant licenses . . . to sell [concealed weapons] at retail . . . ." In section 12071, subdivision 3(a) the same phrase is used as in section 12072: "Within 15 days of the application for the purchase . . . ." In section 12074 "The register . . . shall be furnished by the State Printer to the dealers on application . . . ."

[3] *Galvan* v. *Superior Court* (1969) 70 Cal.2d 851 [76 Cal.Rptr. 642, 452 P.2d 930] states, at page 860 that this article is directed towards the registration of firearms sold by gun dealers but the court did not need to nor did it make any analysis of the difference, if any, between dealers and casual sellers of weapons.

extended the waiting period to three days. The section was next amended in 1965 whereby the waiting period was again extended to five days. The last amendment was in 1975 wherein the waiting period was extended to 15 days. Thus it appears that an original intent to provide at least an overnight cooling off period from "application for the purchase" was supplemented over the years with additional time to allow the Department of Justice to investigate the prospective purchaser of the weapon.

This view seems to be supported by the only available legislative hearing records. In October 1964 the California Legislature's Interim Committee on Criminal Procedure conducted a hearing on the regulation and control of concealable weapons. Assemblyman Beilenson participated in the hearing and subsequently introduced the bill which resulted in the above amendment to section 12072 in 1965. Five persons testifying at the hearing, including representatives of the Governor and the Department of Justice and Assemblyman Beilenson, commented that the Department of Justice needed more time to identify prospective purchasers. Two other witnesses recalled that section 12072 was originally enacted to cool people off.[4] There was no testimony negating a "cooling off" intent.

One additional factor in construing this section is that section 12071, which applies only to dealers, provides in subdivision 3 as follows: "3. No pistol or revolver shall be delivered (a) Within 15 days of the application for the purchase, and when delivered shall be unloaded and securely wrapped; . . ." This language closely parallels language in section 12072. To construe section 12072 as applying only to dealers would mean that article 4 would contain two sections providing 15-day waiting periods for dealers, an unreasonable interpretation. Thus we hold that section 12072 applies to nondealers such as defendant and that the 15-day period commences with the purchaser's offer to purchase the weapon.

■ Defendant also contends that the phrase of section 12072 prohibiting sales to a person "who is not personally known" to the seller is too vague to be enforceable. We disagree.

The words used, "personally known," are not words of art or complicated in concept. Whether one "knows" someone or not is an everyday phenomenon. Mere negotiation of a sale could not rationally be

[4]One of these was John Misterly, Sheriff of Sacramento County. Two other witnesses testified that this section was not enforced with regard to individual transfers through magazine sales nor at swap meets.

conceived of as giving personal knowledge of the buyer's identity. Some help is given by the analogous provisions of the Civil Code relating to notaries public. Civil Code sections 1183.5, 1189, 1190, 1190a and 1191 refer to the maker of the instrument as "known to me" and section 1196 requires the maker to be "personally known to the officer." In *Anderson v. Aronsohn* (1919) 181 Cal. 294 [184 P. 12, 10 A.L.R. 866] and *TransAmerica Title Ins. Co. v. Green* (1970) 11 Cal.App.3d 693 [89 Cal.Rptr. 915, 44 A.L.R.3d 543], introduction of the makers of the instruments to the notary was held insufficient to establish the personal knowledge of the notary as to the identity of the maker. Some substantial acquaintance or oath of a known introducer is required in the notary public situation. While such stringent requirements may not be required to comply with section 12072, there was sufficient proof in the case at bench to show that the purchaser was not personally known by the defendant. Personal knowledge of the buyer by the casual seller is important to prevent sales to persons prohibited by section 12021 from owning or possessing firearms when it is remembered that the casual seller does not have access to the Department of Justice registration system.

The judgment is affirmed.

Cole, P. J., and Dowds, J., concurred.